*10cv939 Barletta Order 9/15*

**FILED** 2010 SEP 16 P 3:51
U.S. DISTRICT COURT
HARTFORD CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN CHRISTOPHER BARLETTA, <br> Plaintiff, <br><br> v. <br><br> ANGEL QUIROS, et al., <br> Defendants. | : <br> : <br> : PRISONER <br> : CASE NO. 3:10-cv-939 (AVC) <br> : <br> : <br> : |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 (2000). He names as defendants Warden Angel Quiros, Correctional Treatment Officer John McCormack, Deputy Warden Laura Powers, Director of Religious Services Anthony Bruno, Security Risk Group Intelligence Officer Jon Aldo, Security Director Kimberly Weir, Lieutenant Harris and District Administrator Michael Lajoie.

Title 28 of the United States Code, section 1915A, provides that the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and second circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir.

2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that the defendants have discriminated against him based on his religious beliefs by denying him his property, issuing a disciplinary report for gang involvement and sending him to administrative segregation. Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the case should, at this stage of the proceedings, proceed on this claim.

## ORDERS

The court enters the following orders:

(1) The **Pro Se Prisoner Litigation Office shall** verify the current work addresses and mail waiver of service of process request packets to the defendants in their individual capacities within **fourteen (14)** days of this Order, and report to the court on the status of those waiver requests on the **thirty-fifth (35)** day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal. The Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days and to file returns of service within **twenty (20)** days, from the date of this order.

(3) The **Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and Department of Correction Legal Affairs Unit.

3

(4) The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this /5TH day of September, 2010, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge

4