UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN BARLETTA | : | PRISONER<br>CIVIL NO. 3:10CV939 (AVC) |
| v. | : | |
| ANGEL QUIROS, ET AL. | : | MAY 23, 2011 |

## ANSWER AND DEFENSES WITH JURY DEMAND

The defendants answer plaintiff's pro se Amended Complaint, (Doc. #31) filed March 15, 2011, as follows:

1.  Plaintiff's so-called "Preliminary Statement" in paragraph 1 is denied.

2.  As to "Jurisdiction," in ¶¶ 2 and 3, the Court should decline to exercise Supplemental Jurisdiction over novel and unsettled claims of state law. Paragraphs 2 and 3 and Jurisdiction is denied.

3.  As to "PARTIES," Paragraph 4 is admitted.

4.  As to "Defendants," paragraphs 5-18, inclusive, it is only admitted that the defendants are employees or officials of the State of Connecticut Department of Correction (DOC), who at all times, acted lawfully, within the scope of their employment and without knowledge that they were in violation of any clearly established rights of the plaintiff. Paragraphs 5, 7, 9, 15 and 18 are denied. As to paragraph 17, it is admitted that Correction Officer Kitt is presently the property officer at Northern C.I. It is denied she was a property officer or had anything to do with plaintiff's property on June 22, 2009, when plaintiff was transferred back to Northern C.I. Paragraphs 6, 8, 10, 11, 12, 13, 14 and 16 are admitted.

5. As to ¶ 19, it is admitted only that defendants, when they were working, and were involved, were acting under color of law, acted within the scope of their employment, in an objectively lawful manner and without knowledge they were in violation of any clearly established rights of the plaintiff.

6. As to paragraph 20, the defendants are without knowledge and belief and leave plaintiff to his proof.

7. Paragraphs 21 and 22 are denied.

8. As to paragraph 23, it is admitted that plaintiff was returned to the Connecticut DOC on June 22, 2009. The rest and remainder of said paragraph is denied.

9. Only that portion of paragraph 24 which alleges plaintiff was on "loss of razor" status is admitted. The rest and remainder of paragraph 24 is denied.

10. Paragraph 25 is denied as incomplete and inaccurate.

11. Paragraphs 26, 27, 28, 29, 30, and 31 are denied.

12. As to paragraph 32, it is admitted that on July 13, 2009, plaintiff received a disciplinary report and was found guilty, after a hearing, of Security Rsik Group Affiliation. The rest and remainder of said paragraph is denied.

13. Paragraph 33 is admitted.

14. Paragraphs 34 and 35 are denied.

15. Paragraph 36 is denied, except it is admitted that Stephen Clapp wrote a response to the plaintiff, dated August 25, 2009. The plaintiff's characterization of that response is denied. Mr. Clapp's response speaks for itself, and thus this paragraph is denied.

16. Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71 are denied.

17. First Count – Defendants' answers to paragraphs 1-71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

18. Second Count – Defendants' answers to paragraphs 1-71 are repleaded by reference herein and paragraphs 1, 2 and 3 are denied.

19. Third Count – Defendants' answers to paragraphs 1-71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

20. Fourth Count – Defendants' answers to paragraphs 1-71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

21. Fifth Count – Defendants' answers to paragraphs 1- 71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

22. Sixth Count – Defendants' answers to paragraphs 1- 71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

23. Seventh Count – Defendants' answers to paragraphs 1-71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

24. Eighth Count – Defendants' answers to paragraphs 1- 71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

25. Ninth Count – Defendants' answers to paragraphs 1- 71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

26. Tenth Count – Defendants' answers to paragraphs 1- 71 are repleaded by reference herein and paragraphs 1 and 2 are denied.

27. Any and all claims of wrongdoing are denied and any and all prayers for relief are denied.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff was transferred to Northern C.I. for legitimate penological reasons, including but not limited to addressing his risk to the safety and security of other inmates and staff.

**SECOND AFFIRMATIVE DEFENSE**

This action is barred for lack of any physical injury under the PLRA. (Prison Litigation Reform Act.)

**THIRD AFFIRMATIVE DEFENSE**

The defendants lack the requisite personal involvement under 42 U.S.C. §1983 and respondeat superior is not available.

**FOURTH AFFIRMATIVE DEFENSE**

Under the PLRA, prisoners are required to properly exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred, at least in part, for failure to exhaust.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSES

The claims raised in the plaintiff's complaint are barred by (a) res judicata, (b) collateral estoppel, (c) estoppel, (d) accord and satisfaction, and/or are (e) moot.

## NINTH AFFIRMATIVE DEFENSE

Any injury or harm, if any, was caused solely by plaintiff's own acts, omissions, or conduct and was not due to any wrongful conduct by the defendants.

## TENTH AFFIRMATIVE DEFENSE

The Court should decline to exercise Supplemental Jurisdiction over novel and unsettled claims of state law, indeed any and all state law claims.

          DEFENDANTS
          Angel Quiros, Et Al.

          GEORGE JEPSEN
          ATTORNEY GENERAL


BY: _____
          Steven R. Strom
          Assistant Attorney General
          110 Sherman Street
          Hartford, CT  06105
          Federal Bar #ct01211
          E-Mail:  steven.strom@ct.gov
          Tel.:  (860) 808-5450
          Fax:  (860) 808-5591

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOHN BARLETTA | : | PRISONER<br>CIVIL NO. 3:10CV939 (AVC) |
| v. | : |  |
| ANGEL QUIROS, ET AL. | : | MAY 23, 2011 |

## DEFENDANTS' JURY DEMAND

Pursuant to Rule 38 (a) and Rule 38 (b) Fed. R. Civ. P., the defendants respectfully demanda trial by jury on any and all issues which are triable of right by a jury.

```
                              DEFENDANTS
                              Angel Quiros, Et Al.

                              GEORGE JEPSEN
                              ATTORNEY GENERAL



                  BY:   _/s/_____
                        Steven R. Strom
                        Assistant Attorney General
                        110 Sherman Street
                        Hartford, CT  06105
                        Federal Bar #ct01211
                        E-Mail:  steven.strom@ct.gov
                        Tel.:  (860) 808-5450
                        Fax:  (860) 808-5591
```

## CERTIFICATION

I hereby certify that a copy of the foregoing, Answer and Defenses, with Jury Demand, was mailed to the following on this 23rd day of May, 2011:

John C. Barletta, Inmate #219324
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

                                                            /s/_____
                                                            Steven R. Strom
                                                            Assistant Attorney General